# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:11-CR-126 |
| | § | |
| NANCY SCOTT | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 11, 2012, alleging that the Defendant, Nancy Scott, violated her conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on September 6, 2007, before the Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, after pleading guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine. This offense carries a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of II, was 120 to 121 months. The Defendant was sentenced to 43 months' imprisonment followed by 4 years of supervised release, subject to the standard conditions of release, plus special conditions to include: drug aftercare; curfew each night from 12 midnight to 6 am at home; and a $100 special assessment.

## II.  The Period of Supervision

The Defendant completed her period of imprisonment on September 8, 2009, and began her term of supervised release.  On October 6, 2011, this case was reassigned to the Honorable Thad Heartfield, U.S. District Judge in the Eastern District of Texas.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on January 11, 2012 alleging three violations: 1) on August 11, 2011, the Defendant was arrested by the Beaumont Police Department for the offense of tampering with government records and Probation was notified by Sour Lake Police Department, Louisiana State Police Department, and the Secret Service of similar behavior committed by the Defendant in their jurisdictions, all of which are in violation of the mandatory condition that the Defendant not commit another federal, state, or local crime; 2) the Louisiana Police Department also reported that the Defendant traveled into their area and stole approximately $6,000 from local banks, using a false identification card and credit card, which is in violation of the standard condition that the Defendant not leave the judicial district without permission from the court or probation office; and 3) the Defendant held only one legitimate job for just one month during her term of supervised release violating her standard condition that she work regularly at a lawful occupation unless excused by the probation office.

## IV.  Proceedings

On September 19, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation, which asserted that she violated a mandatory condition of supervised release, to wit: "The Defendant shall not commit another federal, state, or local crime."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of twelve (12) months and one (1) day of imprisonment with no term of supervised release to be imposed after release.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class A felony; therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by committing another federal, state, or local crime, the Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade B violation, the Court shall revoke probation or supervised release. In the case of revocation of supervised release based on a Grade B violation and a criminal history category of II, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment is at least one month but not more than six months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that she violated her conditions of supervised release by committing another federal, state, or local crime. In addition, the Government entered into evidence an Order of Deferred Adjudication from the 88th District Court of Hardin County, Texas showing that the Defendant was indicted and pled guilty to the offense of securing the execution of a document by deception on August 11, 2011, and received four years of deferred probation for such offense. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision, U.S.S.G. § 7B1.1(a), and the evidence proffered by the Government, the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade B violation, and her criminal history category is II. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant repeatedly did not comply with the conditions of her supervision, and she has demonstrated an unwillingness to adhere to conditions of supervision by committing another federal, state, or local crime.

As such, incarceration and an upward variance of one day appropriately address the Defendant's violation. Most importantly, the Defendant agreed to the upward variance and the sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of twelve (12) months and one (1) day imprisonment.

## VII. Recommendations

1. The court should find that the Defendant violated a mandatory condition of supervised release by committing another federal, state, or local crime.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of twelve (12) months and one (1) day with no supervised release to follow.

4. The court should recommend that the Defendant be incarcerated in the Bryan Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 24th day of September, 2012.

_____
Zack Hawthorn
United States Magistrate Judge